on the first argument raised in Mr. Gilliam's brief. He argues that the indictment in this case was multiplicitous because it charged him with two separate counts of being a felon in possession of a firearm in what should have been treated as a continuing course of conduct that constituted one crime. Before I reach the rule 12 issue that I think is the key to this incidents and the government says that these are separate incidents of possession. There is one in which Mr. Gilliam shot a man by the name of Joe Scrivo and this happened at Hardin Jeffrey's home. That was the gentleman who went by the nickname Pops and then there's a separate second incident about three weeks later in which Mr. Gilliam was found at a drug house that was called the Funny Farm and the same gun was found there with him. It's actually hidden in an attic. Now although the government charged this as two separate counts in the indictment, it actually argued in closing argument that possession was continuous. The government said and it's quoting from or it's not quoting but it's it's summarizing Carla Offield's testimony. Carla told the detectives when she was interviewed a couple of days later she told you you'll find the defendant and you'll find the gun at the Funny Farm. She also told you that after the shooting Pops took the defendant and the gun to the Funny Farm. So the government's own theory of the case at trial was that the gun remained with Mr. Gilliam and it was continuous possession. Counsel what what weight in your view do we give that? I mean it's obvious that closing arguments are not evidence. There was evidence I think in the record that indicated there was abandonment. At least the government takes the position. The defendant made a statement. What weight do we give the closing argument when there's other evidence that was presented to the jury that However the government apparently felt that the evidence of continuous possession was sufficient enough that it could draw bad inference and I don't think because when if this is not if this is not continuous possession it is the government's burden to prove that possession was interrupted and so I don't think that they can exploit the fact that the defense failed to raise in a pre-trial motion that this should only have been charged as one crime. I think they're trying to have their cake and eat it too. They want two separate crimes but then they want to make this argument of continuous possession that kind of bolsters their their proof on the second count. How would you describe the government's burden on this issue on abandonment and on establishing two I mean it was it was not required to be as I understand it on the face of the indictment. At least not the abandonment issue. I mean that the two offenses obviously were charged separately. And they're not I looked at the jury instructions and found no guidance on how you would actually charge this type of case. Now in in another type of case let's say it was felon in possession along with being a drug user in possession. The remedy comes later. It's not pre-trial. They can't force the government to elect between the two counts. They have to give the government an opportunity to prove its case before the jury. And then if charged incorrectly in two separate counts the jury instructions are then modified to only refer to one crime in the alternative. So I think Doesn't that suggest though that the pre-trial motion should have been filed? Well but what usually happens is that the remedy is applied at sentencing. The two counts merge and the judge then cannot sentence on both counts. It can only impose a sentence for the one that was proven. Now what rule 12 says is that normally yes you need to raise multiplicity issues before trial. However the specific portion of the rule subsection b3 says raise the claim if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. So those are two conditions precedents set forth in that clause beginning with the word if. You must have both things. In this case from the indictment it references the exact same gun. The description is the same in count one as count two. So you could plausibly argue that based on that indictment the potential issue was apparent from the face of it. But the government can't reach its second requirement. The motion must be able to be determined without a trial on the merits. There is this issue is fact intensive. There's no way prior to trial and the reception of evidence that a district court judge could say well yes this is continuing. What was the objection before the district court? How was this brought to the district? There was no there was no objection. So this is plain error review? This is plain error review and that is also part of the government's argument. They say that if you can't if you violate rule 12 b3 those requirements the judge is precluded this court is precluded from even looking at the merits of the claim. That it's absolutely waived. Our argument though is government can't meet the pre-requirements of rule 12 b3. One case that might be somewhat instructive on this is United States versus Jones. That was the ineffective assistance counsel case for not raising the objection prior to trial. That it was a continuous course of conduct. The court said defense counsel was found ineffective. Counsel's representation fell below the standard the sixth amendment requires when he failed to move at the end of the government's case that one count of possession should be stricken from the indictment. So Jones indicates in that sentence it is perfectly acceptable when determining when the issue hinges on a factual issue and one that must go to the your point I think true. I am extending this further. He didn't raise the objection at the close of all evidence but I think even under plain error review at sentencing the court knew that the government's theory was continuous possession. Well in terms of as Judge Kovas points out, we've got the statements of the prosecution in the closing but we have actual evidence as well and the actual evidence indicated that the defendant turned the weapon over to Pops and you point out well there's also this possibility that Pops took the gun and the defendant to the funny farm but if possession was relinquished factually that's a separate possession when he regains control of the weapon at the funny farm. I would argue that it must be both a relinquishment of actual and constructive possession. The seventh circuit case I cited Ellis goes into that distinction. Pops is obviously covering up this shooting for Mr. Gilliam. He's digging the bullet holes out of the woodwork in the house where the shooting occurred. He's taking those away. Also it's not simply excuse me that Mr. Gilliam put the gun down left the home. Didn't Gilliam deny ownership of the gun that it wasn't his? He did in a statement to the police but I don't think that his out of court denial can be used to relieve the government of its burden of proof. It has to be proven beyond a reasonable doubt and what the witness Carla Offield told the police was you will find that gun at the funny farm. Mr. Gilliam also at the funny farm. Pops knew exactly where to take that gun and it got back into Mr. Gilliam's hands. If the government is going to choose to argue that this is continuous possession at trial I don't think it should be allowed to switch its theory now that we're in front of this court on appeal. Well it would seem odd if the government really was arguing continuous possession that the jury would have found separate possessions. Well but the jury had no instruction to let it know that possession had to be interrupted. In fact instruction 15 says just the opposite. If I can find that instruction. The indictment in this case charges the defendant with two different crimes. Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count. But in the verdict directors and not in any of the other instructions as well does it say you must find that you know words to the effect you must find that possession was interrupted. That it was separate possession on two separate days. So the jury has no way of knowing that its burden is to find that element and so basically the element gets written out of the jury instructions and yet the government immediately turns around in closing argument and says oh it was continuous possession. It's easier for them to prove count two that way. But it's logical that he would he hung on to the gun and that's why he had it at the funny farm when the police found him there and arrested him three weeks later. One more point if you don't mind about the 12b standard. The government's cases primarily focus on double jeopardy issues in which what is required is an examination of the elements of the two statutes under which the defendant is is being tried and so it's simply application of the blockburger test. And that is obviously apparent from the indictment and it's a purely legal issue. The court simply looks at the two separate statutes and determines does one have an element that the other does not this this objection was not made prior to trial does require a finding a higher standard of review for plain air but it doesn't defeat the claim. This legal issue has been settled since United States versus Jones and that case was decided in 2005 and then in 2006 this court decided Richardson which I believe was the first circuit case saying talking about the allowable unit of prosecution in 922 cases. The issue did affect Mr. Gillum's substantial rights. He was sentenced to consecutive 90 month terms of imprisonment for a total of 180 months when the actual statutory maximum for the crime is 120 months and it seriously affects the fairness integrity and public reputation of the especially one that increases punishment beyond the statutory maximum would would harm the integrity of the judicial system. I'm into my rebuttal time so I will yield to opposing counsel. Thank you Ms. Kurtz. Mr. Casey. May it please the court Brian Casey appearing on behalf of the United States in this matter and as an initial matter this claim was waived. Rule 12 was revised in 2015 and makes it very clear now in revising the notes to the revisal of the federal rule say you know rule 12 never intended to allow this type of claim that wasn't brought pre-trial to have plain air review and so the point for revising rule 12 is that a certain enumerated number of claims including claims that charge a defect in the indictment and one of those enumerated claims is multiplicity the claim that's brought here in this appeal and in rule 12. What about the language in the rule though that your co-counsel cited that if the motion can be determined without a trial on the merits how do you interpret that? Well I think that's really where where the question is in this case and I think in the reply brief the Mr. Gilliam had cited the Turner case and that's really because I think under the requirements of rule 12 multiplicity is enumerated it's one of the claims that needs to be brought pre-trial and this particular claim of multiplicity was readily determinable I mean on the indictment it said he charged the same gun on two different occasions so the element that would need that needs to be determined I think for this court is exactly what you're asking about and that is whether or not this could be determined without a trial on the merits. And would you have to have those facts determined as to whether there actually were two separate possessions? Well I think the the the key word in the rule is can. Can it be determined without a the answer that's absolutely because it doesn't say rule 12 doesn't say even in cases we're talking about a defect of the indictment it does not say can it be determined on the face of the indictment it says it can be determined without a trial on the merits and so if you look at the enumerated claims that that rule 12 says has to be brought pre-trial many of them often have evidentiary hearings. So for example a motion to suppress is also listed in the same rule. Statute of is also listed in the same rule. In fact discovery is listed in the same rule as motions that have to be brought pre-trial or their or else they would be waived. So that rule anticipates the possibility of evidentiary hearings. But in this case wouldn't wouldn't that preliminary hearing on this on the 12b motion essentially be the trial on the merits in this case you're not talking about an isolated search or a seizure I mean in this case you're basically talking about the entire case in chief that the government presented at trial. Well I have two answers to that one I think in theory that's not a hindrance oftentimes you know in motions to suppress that's exactly what happens. Say if there's a traffic stop the motion to suppress is the exact evidence that filed a motion to suppress for that purpose. So that I don't think in theory is a hindrance. But secondly in this case it wouldn't be because what you're talking about is focusing on one particular instance or one particular point in time with regard effectively to the evidence that was presented for count one. Count one is the possession at the time of the shooting at the White Street address and what we're talking about is after the shooting what happens with the gun. The evidence at trial is that you know Mr. Gilliam had told officers he threw it on the couch. Mr. Miss Ofeld's testimony at trial was that he passed it to Pops and that in Pops his name was Mr. Harding Jeffrey. Passed it to Mr. Jeffrey and Mr. Jeffrey took it somewhere else and Mr. I will admit the government attorney who argued it certainly what he said in a closing argument is as Miss Kersh represents. I also think that if you read the record you can see that had it been objected to at the time you would have sustained an objection because he misstated the evidence. He did. The evidence Miss Ofeld's testimony was that Gilliam left after he passed the gun to Pops and Pops left independently. That's the record that the court needs to look at and so it would just be that point in time that the evidentiary hearing would be focusing in on but typically these types of evidentiary hearings and includes in the multiplicity cases there's not a dispute. You know there's there's there's not a dispute on the facts. You know it would be probably you know in this case probably would have been a factual proffer and I also think a second part of this is is that or an additional layer to this is that you know the government provided full discovery. So it's not the case that this was a claim that sort of arose at trial and the defendant had no idea or was not put on any notice of the possibility he could raise this defense. He was fully aware what the government's evidence was. In fact Miss Ofeld was provided it was a recorded statement that she'd given so it wasn't even like a written statement that summarized. I believe that you know a recorded statement of what her testimony of what her prior statement to police was had been provided. So the defendant knew what the trial evidence was going to be and was fully well aware of the possibility of making this claim and the claim could you know that the the rule says can be determined. The claim could have been determined pre-trial. Now that's not to say that the court would have and that's not to say that the best practice would have been. The court may have accepted the multiplicity claim and said okay this is going to be instead be an issue for trial. We'll consider it at trial but at that point the claim really becomes a sufficiency of the evidence claim and what this appeal is is is a sense that this appeal really isn't raising multiplicity. This appeal really is the sufficiency of the evidence appeal and I agree that the 2005 Jones case certainly has language that suggests that but the Jones case was also a 2255 case and as we argue in our brief the appropriate route here for the court is to accept that the waiver argument this this this argument was waived and it was and the reason the waiver is put into the rules and the reason that waiver should be enforced here is that the defendant is asking this court now to review whether or to find error in the fact finder not finding something the fact finder was not asked to find and that's not reviewable. I've looked through as many you know sort of cognate areas and tried to brainstorm what the actual standard of review for that would be and I can't find nothing. I do find cases that that sort of the evidence but now you're asking to you know was the evidence sufficient for the fact finders to find something that the fact finder never had a chance to find and I and I don't think that's review you know really I don't know a way for the court to review that. That's why the waiver should be enforced here and that's why the waiver rule is there you know and and I think I cited some language from the seventh circuit that says and I'm and I'm certainly not accusing the trial counsel on the defense for for game playing that's not my point but it says the point of the rule is to not have this situation where the court is now having to look back at something that should have been raised in TDOT before and could have been handled in the moment prior to trial. So the proper way for this claim to be addressed would be like in the Jones case in a 2255. In a 2255 now we get to go back to Turner. What's that how does Turner apply or not? Turner doesn't apply your honor. In Turner the claim was a as applied vagueness challenge. That is not one of the enumerated pre-trial motions in rule 12 that has to be brought before trial and additionally the Turner court makes a point of saying that challenge was an affirmative defense. Now an affirmative defense is something that you actually have to look at the elements of the government's proof in order to then apply the defense and affirmative defenses work different ways. Sometimes they add an element. Sometimes they negate an element. Sometimes they shift the burden to the defendant but in any event they're all tied to the elements of the government's proof at trial. So in Turner and I think the language of the Covington case from the supreme course that Turner cites it is concerned with is the actual issue at trial or the elements that are questioned at trial is that what has to be proven or considered in order to rule on this motion. And in that instance then I think that's what not able to determine not capable of determining pre-trial that's what it means. That's not this case. This case the question is was the was there an interruption such that the government could go forward on two different counts. And in Turner you're talking about an affirmative defense and you're talking about a pre-trial motion that wasn't one of the enumerated motions. And so this confusion wouldn't have been caused by not bringing the motion before trial in Turner. The confusion that's now caused here because in Turner the trial would have been on that issue. That would have been one of the things charged to the jury. Here it wasn't brought forth to the jury. It wasn't brought forth for and in fact there's a significant question in the cases whether it's even the jury to decide this issue. This is a multiplicity is a double jeopardy claim. That's a legal claim and oftentimes double jeopardy motions are ruled on by the court. So I think there is a strain in this court's cases where yes the Jones case makes it sound like it's a sufficiency of the evidence issue. There is a strain several cases some of the ones we cite where multiplicity is a pure legal issue that the court would decide. And so the evidentiary standards would be entirely different. I think the standard there would be a pre-trial motion and the court would take whatever evidence is appropriate decide that evidence based on preponderance and this court's review for that would be clear error. An entirely different posture than where we're in. And so that 2255 context where this court says the waiver was right this claim was waived. Now if Mr. Gilliam wants the claim looked at he can look at it in 2255 where the district court can now take evidence on trial counsel's decision not to raise the claim. It could have been a strategic decision. This record is silent. It could have been the case trial counsel had interviewed Ms. Ofeld and realized there's nothing to this. Clearly abandonment would be proven. I'm going to let the issue go. But the record's silent. It also would allow district court to then take evidence on whether or not the evidence was sufficient to make the determination that this court's being asked to make on a cold record to make whether or not the evidence was sufficient to prove abandonment. The government submits if the court reaches that the evidence at trial was sufficient to prove abandonment. But I think this court is in a very strange place and I'm not sure what the analytical framework by which the court would make that ruling. Rather I think the court's ruling here on issue one is to enforce the waiver and then it goes back to the district court. If Mr. Gilliam wants to pursue the claim further that will be his choice in post-conviction relief. I think this court's case this court's prior to 2015 on multiplicity analyzed the issue through a lot of different frameworks. After 2015 where the rules make the waiver requirement very clear, I think this court's analysis has all been in line especially on the waiver issue. And including in cases where there would have been a factual where there's a claim that multiplicity wasn't provable on the face of indictment. And so this court's case in Frye which is one of the cases we cite in our brief actually does look at and say no we're going to enforce the rule 12 waiver even though the claim made in Frye about multiplicity is where the defendant is saying you can't tell the multiplicity argument on the indictment. And while Frye is not the clearest of exactly what the claim is it appears that it's the claim is based on facts that are outside of the indictment. Yet this court still enforced the waiver in that case. And I think following Frye is the better course in this case. I do want to quickly address the argument that came up in the reply brief and has was I think sort of the key argument for Mr. Gilliam here on appeal. And that's you know the government somehow has has has waived its ability to argue abandonment because of what counsel said in in closing argument. I believe the court's question as to what way to put to those closing argument statements here are if the court does want to look at the factual record closing arguments just argument. The factual record here is sufficient for a fact finder to find abandonment. Mr. Gilliam by his own admission threw the gun on the couch. By Ms. Ophel's testimony he provided the gun to Pops. Mr. Gilliam left independently. Pops took the gun somewhere else. Mr. Gilliam a fact finder could infer he had all voted to get away from that gun. He wanted to dispossess himself of that gun. And his own testimony was you know he denied possession of it. He said I got it from a guy. I shot the other guy and then I got rid of it. He even was saying that he was intending to dispossess himself of the gun. And so a rational fact finder if that's the analysis this court decides to apply, which I don't think is appropriate, but a rational fact finder could absolutely find that evidence sufficient for abandonment in this case. Were there any other questions from the court? I see none. Thank you. Ms. Kearns. The government notes that the defense was provided with full discovery and therefore had notice of the potential issue. The same is true for the government. Anytime the government is going to indict on a continuing course of conduct case, it is assuming a burden of proof. It is assuming that it must prove the element of interrupted possession. There's no question of were we surprised or were they surprised. There may be a 2255 question of the defense counsel know this rule. That he know about rule 12b. And he possibly was ineffective. That's an issue for a separate day. I was able to find one additional case that is not cited in my brief. There's United States versus Woolsey, 759 F third 905. I will provide you a 28 J rule letter. It says where the prosecution seeks more than one charge under 922 G separate. And this was a firearm and ammunition case separate acquisition and storage of the weapons is an element of the crimes charged. This element presents a question of fact to be submitted to the jury. Not a question of law for the court. I think just in practical terms, where the government says, well, this all could be addressed in a pretrial hearing, what is the defendant going to do? Is he going to testify? Yes, I continuously possess the gun and therefore make an admission as the two counts of or one count of being a felon in possession. Now, we sometimes have that happen on motions to suppress where a defendant will have to establish standing and therefore maybe make a remark that might be incriminating to him. But we have case law that precludes the use of that testimony later at trial. It's not automatically admitted unless the defendant would take the stand and say something to the contrary. You would have to graft on to rule 12 a new body of case law saying that anything said by a defendant in arguing a motion to dismiss due to multiplicity can't be used at trial. What the government in practice wants you to do takes quite a lot of work when I really think the issue is already decided by Woolsey and by Jones. The government mentioned one of its cases, Fry. That case did not involve at all the second prong of 12b3 as to whether the issue could be decided before trial. It was a question of the defendant lying to the SEC and the court said it's plainly apparent from the indictment because the specific lies that he told were written out and they were in fact different. I'm out of time. If the court has no more questions, thank you. Thank you, Ms. Kurz. Court thanks both counsel for the argument you provided to the court today and the briefing that's been submitted in the case and we'll take it under advisement.